Jose Martinez, Jr. (CA Bar No. 208420)
jmartinez@joneswalker.com
JONES WALKER LLP
5900 Wilshire Blvd., 26th Floor
Los Angeles, CA  90036
Telephone:  (323) 303-3500
Facsimile:   (212) 566-4542

*Counsel admitted pro hac vice:*
Christopher R. Shaw (MS Bar No. 100393)
cshaw@joneswalker.com
Keith R. Raulston (MS Bar No. 4641)
kraulston@joneswalker.com
Kristina M. Johnson (MS Bar No. 9382)
kjohnson@joneswalker.com
JONES WALKER LLP
190 E. Capitol St., Suite 800 [39201]
Post Office Box 427
Jackson, MS  39205-0427
Telephone:  (601) 949-4900
Facsimile:   (601) 949-4804

*Attorneys for Defendants VFG, LLC (f/k/a Voyager Financial Group, LLC),*
*Andrew Gamber, Brandon Kogut, Brittney McClinton, Jonathan Sheets and Mackenzie Young*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE VICARI, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>VS.<br><br>VOYAGER FINANCIAL GROUP, LLC; VFG, LLC; ANDREW GAMBER; BRANDON KOGUT; BRITTNEY MCCLINTON, JONATHAN SHEETS; MACKENZIE YOUNG<br><br>    Defendants | CASE NO. CV13-00671-ABC (RZx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) and ALTERNATIVELY RULE 12(b)(6)**<br><br>**Date:  June 3, 2013**<br><br>**Time:  10:00 a.m.**<br><br>**Courtroom No.:  680**<br><br>**Judge:  Audrey B. Collins** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.      SUMMARY OF ARGUMENT ................................................................. 2

II.     ALLEGATIONS IN THE FIRST AMENDED COMPLAINT ........................................... 3

III.    ARGUMENT AND AUTHORITIES ................................................................. 6

        A.      This Court lacks personal jurisdiction over the Individual
                Defendants. ................................................................................................ 6

        B.      Alternatively, the plaintiff's First Amended Complaint fails to
                sufficiently plead the involvement of the individual defendants
                alleged to be § 20(a) control persons and should therefore be
                dismissed pursuant to Fed. R. Civ. P. 12(b)(6). ................................ 9

IV.     CONCLUSION ........................................................................................ 12

CERTIFICATE OF SERVICE ............................................................................ 13

# TABLE OF AUTHORITIES

<u>Cases</u>

*In re American Apparel, Inc. Shareholder Litigation*, 855 F. Supp. 2d 1043
(C.D. Cal. 2012) ................................................................................................11

*Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 107 S. Ct. 1026 (1987) ...................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................................9, 10

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082 (9th Cir. 2000) .........................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................................2, 10

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) ................................................................7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528
(1985) .........................................................................................................................6, 8

*Cheryl Taylor-Rush v. Multitech Corp.*, 217 Cal. App. 3d 103 (1990) ...................................7

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977) ...........................7

*Doe v. Unocal*, 248 F.3d 915 (9th Cir. 2001) ...........................................................................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, ____ U.S. ____, 131 S. Ct. 2846
(2011) .........................................................................................................................8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868
(1984) .........................................................................................................................8

*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945) ...........................6, 9

*King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570 (9th Cir. 2011) ...........................................9

*Lilley v. Charen*, 936 F. Supp. 708 (N.D. Cal. 1996) ..............................................................11

*Marvix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011) ...................6, 7

*McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S. Ct. 199 (1957) ...............................6

*In re Rigel Pharmaceuticals, Inc. Sec. Litig.*, 697 F.3d 869 (9th Cir. 2012) ...........................11

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ...........................8, 9

*S.E.C. v. Todd*, 642 F.2d 1207 (9th Cir. 2011) ........................................................................11

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ........................................................................10

*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir. 2006).............................9

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct 559,
    62 L. Ed. 2d 490 (1980) ........................................................................................6

*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009) .......................11


Rules and Statutes

38 U.S.C. § 5301 ...................................................................................................................4

Fed. R. Civ. P. 12(b)(2)...............................................................................................2, 9, 12

Fed. R. Civ. P. 12(b)(6)...............................................................................................2, 9, 12

Cal. Civ. Proc. Code § 410.10 .............................................................................................6


Miscellaneous Authorities

17 C.F.R. § 240.10b-5...........................................................................................................3

Securities Exchange Act of 1934 § 10(b) ................................................................... *passim*

Securities Exchange Act of 1934 § 20(a) ................................................................... *passim*

Defendants Andrew Gamber ("Gamber"), Brandon Kogut ("Kogut"), Brittney McClinton ("McClinton"), Jonathan Sheets ("Sheets"), and Mackenzie Young ("Young") (collectively the "individual defendants") have moved to dismiss the plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).   For the reasons explained below, this Court lacks personal jurisdiction over these defendants and the plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## I.      SUMMARY OF ARGUMENT

First, this Court lacks personal jurisdiction over the individual defendants.   The plaintiff has not attempted to show – nor could he if he tried – that any of the individual defendants have the requisite minimum contacts with California sufficient to subject them to personal jurisdiction here.

Alternatively, the First Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.   Specifically, as explained in the Memorandum of Points and Authorities in Support of defendant VFG, LLC's Motion to Dismiss (the "VFG Brief"), which is incorporated herein by reference, the plaintiff's First Amended Complaint does not meet the rigorous pleading standard required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and for § 10(b)(5) securities fraud claims.   For that reason alone, the plaintiff's claims fail as a matter of law as to all of the defendants on substantive grounds. Moreover, as to the individual defendants, the plaintiff's First Amended Complaint fails to provide the level of specificity required by *Twombly* to show that they exercised control sufficient to make them control persons under § 20(a), and plaintiff's claims should be dismissed against the individual defendants.

## II.     ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

The plaintiff's First Amended Complaint alleges that VFG and the individual defendants violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5[1] by making various misrepresentations to the plaintiff and other putative class members in connection with the sale of contracts entitling them to receive payment streams from Veterans Administration ("VA") disability and pension benefit payments only after those payments are actually received by the veteran.  *See* First Am. Compl. at ¶¶ 2, 3, 6 and Ex. C to First Am. Compl.   The First Amended Complaint characterizes these contracts as securities under federal securities laws.  *Id*. at ¶ 2.

The First Amended Complaint alleges VFG's business includes finding veterans who are receiving structured payments, pensions, or disability incomes from the United States Government and offering a lump sum in exchange for the veterans' agreement to sell all or a portion of their payments.  *Id*. at ¶ 3.  VFG and the individual defendants are then alleged to have utilized so-called "Selling Agents" – unidentified in the complaint – to assist in facilitating the sale of these payment streams to investors, such as the plaintiff and other putative class members.  *Id*. at ¶¶ 2-3.  The plaintiff alleges that once VFG established a buyer's interest in this transaction, it provided both the buyer and seller of the payments a written contract to exchange a lump sum of money for the right to receive the veteran's periodic payments.  *Id*. at ¶ 4.

The plaintiff claims VFG directly or through its "agents" knowingly misrepresented the purchase of such payment streams is "lawful, risk free, [ ] guaranteed as long as the United States government is solvent and stands, and will help veterans" when in fact the purchase "would in fact lead to loss of all or some of the Investors' money and gain to the

---

[1] 17 C.F.R. § 240.10b-5.

VFG Defendants."  *Id*. at ¶¶ 2-4.  The First Amended Complaint does not specify what misrepresentations VFG allegedly made versus those that might have been made by its "Selling Agents."

The plaintiff's First Amended Complaint describes in conclusory terms the alleged misrepresentations and omissions as including only:

- failure to disclose that the assignment of government benefits is illegal under 38 U.S.C. § 5301 and irrevocable upon breach (*id*. at ¶ 3);

- failure to disclose that the payments owed to veterans cannot be "effectively secured" and are "almost certain to fail" (*id*. at ¶ 23);

- failure to disclose that the veterans may not assign their benefits and therefore "may revoke their assignments at any time" (*id*.); and

- that VFG "made money from the sale of the illegal Securities" (*id*.).

The plaintiff's causation and damages allegations are similarly conclusory.  We are only told that the alleged "scheme" "did in fact lead to the loss of all or some of the Class Members' money invested and to unlawful gain by VFG Defendants" and that some of the payments "have now been stopped and cannot be lawfully or effectively secured to Plaintiff or the Class Members."  *Id*. at ¶ 4.  There is no explanation of what loss, if any, the plaintiff suffered, nor is there any explanation of how any of the alleged misrepresentations or omissions caused any loss to the plaintiff.  The amended complaint requests only an award of compensatory damages in an amount to be proven at trial, as well as an award of costs and expenses, including class counsel fees and expert fees.  *See* First Am. Compl., p. 12.

The plaintiff's First Amended Complaint alleges a violation of § 20(a) of the Securities Exchange Act of 1934 against the individual defendants.  Kogut is alleged to be the "Chief Officer" of VFG, Gamber is alleged to be an "Owner" of VFG, McClinton is alleged to be the "Director of Compliance" for VFG, Sheets is alleged to be an "Owner" of

VFG, and Young is alleged to be "Director of Case Management" for VFG.  *Id*. at ¶¶ 1, 26.  The First Amended Complaint states that the "Control and Officer Defendants," by virtue of their "high-level" positions and participation in or awareness of VFG's operations, had the "power to influence and control and did influence and control, directly or indirectly, the decision-making of VFG, including the content and dissemination of the various statements that Plaintiff and the Class members contend are false and misleading."  *Id*. at ¶ 26.  The "Control and Officer Defendants" are alleged to have had "unlimited access to copies of the company's reports, press releases, public filings and other statements made in connection with the sale of the Securities and alleged by Plaintiff and the Class Members to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected."  *Id.*  The plaintiff further alleges that these defendants "knew or recklessly disregarded that the adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public and/or that misrepresentations were being made in connection with the sale of the Securities, including that the transactions were unlawful."  *Id*. at ¶ 27.  The First Amended Complaint provides no further clarification in this section about what specific statements were issued that the individual defendants "had the ability to prevent the issuance of" or cause to be corrected.  The pleading also fails, other than simply stating these defendants' alleged titles, to specify the precise roles they played within the company that put them in a position to do what the plaintiff alleges they did or failed to do.

### III.    ARGUMENT AND AUTHORITIES

#### A.    This Court lacks personal jurisdiction over the Individual Defendants.

California courts may exercise jurisdiction over non-residents "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Thus, the jurisdictional analyses under California law and federal due process are the same. *Marvix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). The Court must therefore determine whether exercising jurisdiction over the non-resident defendant is consistent with the Due Process Clause of the Fourteenth Amendment, which requires that a defendant have sufficient contacts with the forum state such that he or she "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct 559, 62 L. Ed. 2d 490 (1980). The defendant's minimum contacts must be such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 161 (1945). The "substantial connection" between a defendant and the forum state necessary for a finding of minimum contacts must come about by an action of the defendant "purposefully directed toward the forum state." *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112, 107 S. Ct. 1026 (1987). While physical presence is not necessary, the defendant must cause an effect in the forum state by his or her act or omission elsewhere. *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223-24, 78 S. Ct. 199 (1957). The defendant's contacts must be more than "random, fortuitous or attenuated, *or of the unilateral activity of another party or third person.*" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (internal quotation marks and citations omitted; emphasis added).

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper.  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); s*ee also Cheryl Taylor-Rush v. Multitech Corp.*, 217 Cal. App. 3d 103, 112 (1990) (burden is on the plaintiff to demonstrate sufficient minimum contacts exist between the defendant and the forum state).  Although allegations in a complaint are taken as true, the Court may not assume the truth of allegations in a pleading which are contradicted by affidavit.  *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

Here, the plaintiff does not make a prima facie showing of jurisdictional facts giving rise to personal jurisdiction over the individual defendants.  *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001) (plaintiff must make prima facie showing of jurisdictional facts).  Even if such facts were properly pleaded, the plaintiff cannot rely upon his pleading to the extent it is contradicted by the assertion of jurisdictional facts in the individual defendants' declarations (Exhibits "A" through "E" to the individual defendants' motion).

Under the first prong of the due process analysis – the minimum contacts test – personal jurisdiction may be general or specific.  *Marvix Photo, Inc.,* 647 F.3d at 1223-24.  Here, there is a basis for neither general jurisdiction nor specific jurisdiction over the individual defendants.

**Specific Jurisdiction under the Due Process Clause**

Specific jurisdiction is analyzed under a three-prong test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-

related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff has the burden of satisfying the first two prongs, and if he does, the burden then shifts to the individual defendants to set forth a "compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp.*, 471 U.S. at 476-78. The analysis here, however, does not reach the third prong.

The declarations of each of the individual defendants attached as Exhibits "A" through "E" to their motion clearly show none of them individually participated in any of the California transactions, whether those of the putative class representative or of any putative class member described in the plaintiff's First Amended Complaint. The declarations demonstrate that there is no basis for specific jurisdiction as to any of them because the plaintiff's claim does not arise out of any purposeful contact any of them had with California. The plaintiff's claim, according to the First Amended Complaint, arose not out of any conduct of any of the individual defendants, but rather arose out the alleged conduct of VFG, LLC, an entity distinct from the individual defendants.

**General Jurisdiction under the Due Process Clause**

In the absence of a basis for specific jurisdiction, a court may assert general jurisdiction over non-residents when their contacts with the state are so "continuous and systematic" as to render them essentially at home in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, ____ U.S. ____, 131 S. Ct. 2846, 2851 (2011). For general jurisdiction to exist, a defendant must engage in "continuous and systematic general business contacts," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868 (1984), that "approximate[] physical presence" in the forum state, *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "The standard is met only

by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quoting *International Shoe*, 326 U.S. at 318).

To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, the Court must consider their "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). The standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.

The undisputed facts in this case do not allow this Court to exercise general jurisdiction over any of the individual defendants. The declarations of the individual defendants belie any contention that any of them conducted any business of the requisite continuous and systematic nature in California, and the plaintiff cannot show otherwise.

The plaintiff cannot sustain his burden of establishing a basis for personal jurisdiction over any of the individual defendants. Accordingly, the First Amended Complaint as to the individual defendants should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(2).

> **B.**     **Alternatively, the plaintiff's First Amended Complaint fails to sufficiently plead the involvement of the individual defendants alleged to be § 20(a) control persons and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).**

A complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Twombly*, 550 U.S. at 570).  A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although the Court must accept factual allegations as true for purposes of a motion to dismiss, this tenet is "inapplicable to legal conclusions." *Id*.  After stripping away the "conclusory statements" in the complaint, the remaining factual allegations must do more than "create[] a suspicion of a legally cognizable right of action," they must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (quotations omitted).  *Twombly* and the cases following it also require that a complaint allege "not just ultimate facts (such as a conspiracy), but evidentiary facts which, if true, will prove" the alleged violation.  *Twombly*, 550 U.S. at 555 (emphasis added); *see also Iqbal*, 556 U.S. at 677 (courts are "not bound to accept as true a legal conclusion couched as a factual allegation").  In making this "context-specific" determination, the Court must "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

This analysis provides a critical gatekeeping function because claims must be sufficiently plausible "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Noting that "[i]t is no answer to say" that meritless claims can be weeded out in the discovery process, the Court in *Twombly* cautioned that "it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery" in meritless cases.  550 U.S. at 559.

First, as explained in the VFG Brief, which is incorporated herein by reference, the plaintiff's amended complaint fails to state a claim for § 10(b)(5) securities fraud and should be dismissed as to all defendants.  The failure of the plaintiff's underlying § 10(b)(5) claim also requires dismissal of his § 20(a) claim against the individual defendants who are alleged

to be control persons. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) (section 20(a) claims may be dismissed summarily if plaintiff fails adequately to plead a primary violation of section § 10(b)) and *In re Rigel Pharmaceuticals, Inc. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012) (section 20(a) claim requires underlying primary violation of securities laws).

However, and only in the alternative if the Court finds that the plaintiff's First Amended Complaint adequately states a claim against VFG, the plaintiff has failed adequately to plead his claim that any of the individual defendants are control persons. A *prima facie* case for control person liability requires evidence that: (1) a primary violation of the securities laws occurred, and (2) the defendant directly or indirectly controlled the person or entity committing the primary violation. *In re American Apparel, Inc. Shareholder Litigation*, 855 F. Supp. 2d 1043, 1087 (C.D. Cal. 2012). A plaintiff must allege facts showing that each defendant possessed the actual power to control the person primarily liable. *Lilley v. Charen*, 936 F. Supp. 708, 716 (N.D. Cal. 1996). "[A]ctual authority over the preparation and presentation to the public of financial statements is sufficient to demonstrate control." *S.E.C. v. Todd*, 642 F.2d 1207, 1222 (9th Cir. 2011).

The First Amended Complaint here does nothing more than identify what the plaintiff believes to be these individuals' positions within the company, which is not enough. *See Todd*, 642 F.2d at 1223 ("[t]he fact that a person is a CEO or other high ranking officer within a company does not create a presumption that he or she is a controlling person," but rather control is shown by "whether the person managed the company on a day-to-day basis …"). The plaintiff here fails to identify the individual defendants' job duties, what precise control these individuals exercised within VFG, what supposed information they could have prevented the dissemination of or caused to be corrected, or how their respective positions of

control would have allowed them to do just that. *See* First Am. Compl. at ¶ 26. Further, the plaintiff does not describe any relationship between the alleged control persons and the "Selling Agents," or what, if any, control the individual defendants had over the "Selling Agents." Without more, the plaintiff's First Amended Complaint fails to state a claim that the individual defendants named herein were "control persons" under § 20(a), even apart from the plaintiff's failure to state a claim of any § 10(b)(5) violation as to VFG. As explained in the VFG Brief, § 10(b)(5) cases require more than conclusory allegations, and these heightened pleading standards apply to allegations against control persons.

## IV.    CONCLUSION

For the foregoing reasons, the individual defendants request that the plaintiff's First Amended Complaint be dismissed with prejudice under Fed. R. Civ. P. 12(b)(2) and alternatively under Rule 12(b)(6).

This, the 18th day of April, 2013.

Respectfully submitted,

Andrew Gamber, Brandon Kogut, Brittney McClinton, Jonathan Sheets and Mackenzie Young

By Their Attorneys,
JONES WALKER LLP

By: */s/ Jose Martinez, Jr.*
      Jose Martinez, Jr.

By: */s/ Christopher R. Shaw*
      Christopher R. Shaw

# CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing using the Court's ECF system, which sent electronic notification of such filing to:

Don Howarth
Suzelle M. Smith
Jessica L. Rankin
HOWARTH & SMITH
523 West Sixth Street, Suite 728
Los Angeles, CA  90014

David T. Kupfer
LAW OFFICES OF DAVID T. KUPFER
24586 Hawthorne Boulevard, Suite 110
Torrance, CA 90505

Stephen Michael Garcia
David Michael Medby
GARCIA, ARTIGLIERE AND SCHADRACK
One World Trade Center, Suite 1950
Long Beach, CA 90831

This, the 18th day of April, 2013.

   */s/ Jose Martinez, Jr.*     
Jose Martinez, Jr.

   */s/ Christopher R. Shaw*   
Christopher R. Shaw