1  Don Howarth (SBN 53783)
   dhowarth@howarth-smith.com
2  Suzelle M. Smith (SBN 113992)
   ssmith@howarth-smith.com
3  Jessica L. Rankin (SBN 279237)
   jrankin@howarth-smith.com
4  HOWARTH & SMITH
   523 West Sixth Street, Suite 728
5  Los Angeles, California, 90014
   Telephone: (213) 955-9400
6  Facsimile: (213) 622-0791

7  Stephen M. Garcia (SBN 123338)
   sgarcia@lawgarcia.com
8  David M. Medby (SBN 227401)
   GARCIA, ARTIGLIERE & SCHADRACK
9  One World Trade Center, Suite 1950
   Long Beach, California 90831
10 Telephone: (562) 216-5270
   Facsimile: (562) 216-5271

11 David T. Kupfer (SBN 97666)
   dave@dtklaw.net
12 LAW OFFICES OF DAVID T. KUPFER
   24586 Hawthorne Boulevard, Suite 110
13 Torrance, California 90505
   Telephone: (310) 373-7770
14 Facsimile: (310) 373-7778

15 Attorneys for Lead Plaintiff, Lawrence VICARI, individually
   and on behalf of all others similarly situated
16

17             UNITED STATES DISTRICT COURT

18             CENTRAL DISTRICT OF CALIFORNIA

19 LAWRENCE VICARI, individually and      ) CASE NO. CV13-00671
   on behalf of all others similarly situated,  )
20                                          ) Assigned:        Hon. Audrey B. Collins
                 Plaintiffs,                ) Courtroom:       680
21                                          )
22         vs.                              ) CLASS ACTION
                                            )
23 VOYAGER FINANCIAL GROUP, LLC;            ) LEAD PLAINTIFF'S OPPOSITION
   VFG, LLC; BRANDON KOGUT;                 ) TO INDIVIDUAL DEFENDANTS'
   ANDREW GAMBER; BRITTNEY                  ) MOTION TO DISMISS THE
24 MCCLINTON; JONATHAN SHEETS;             ) SECOND AMENDED CLASS
   MACKENZIE YOUNG,                         ) ACTION COMPLAINT PURSUANT
25                                          ) TO FED. R. CIV. P. 12(b)(2) and
                 Defendants.                ) ALTERNATIVELY RULE 12(b)(6)
26                                          )
27                                          ) Hearing Date: September 9, 2013
                                            ) Time: 10:00 am
28                                          ) Courtroom: 680

LEAD PLAINTIFF'S OPP. TO INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

1 **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **COMES NOW**, Lead Plaintiff Lawrence Vicari, on behalf of himself and all

3 others similarly situated, by and through his attorneys of record, Howarth & Smith,

4 Garcia, Artigliere & Shadrack, and the Law Offices of David T. Kupfer, and hereby

5 opposes the Motion to Dismiss the Second Amended Complaint Pursuant to Fed. R.

6 Civ. P. 12(b)(6) and Alternatively 12(b)(6), filed by defendants Andrew Gamber,

7 Brandon Kogut, Brittney McClinton, Johnathan Sheets, and Mackenzie Young

8 (collectively, the "Individual Defendants").  This Opposition is based on the

9 Memorandum of Points and Authorities, all prior pleadings and papers previously on

10 file with this court, and such further oral and documentary evidence, which may be

11 presented at the hearing on this Motion and Opposition.

12

13 DATED:  August 19, 2013             HOWARTH & SMITH

14                    By:    /s/ Suzelle M. Smith

15                        SUZELLE M. SMITH
                       DON HOWARTH

16                        JESSICA RANKIN

17                        Attorneys for Lead Plaintiff
                       Lawrence VICARI and CLASS

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**PAGE(S)**

I.      INTRODUCTION ................................................................................. 1

II.     ARGUMENT .......................................................................................... 2

        A.      Standard of Review ................................................................. 2

        B.      This Court Has Personal Jurisdiction over the Individual Defendants
                Because They Have Minimum Contacts with the United States ................. 4

        C.      The Second Amended Complaint Adequately Alleges Claims
                Against The Individual Defendants ...................................................... 8

                1.      Standard Of Review Under Rule 12(b)(6) .................................... 8

                2.      Pleading Standard For Section 20(a) Claims ................................ 9

                3.      Lead Plaintiff Has Adequately Plead Control Person Status
                        And Liability ........................................................................ 10

        D.      In the Alternative, Lead Plaintiff Should be Granted Leave
                to Amend ............................................................................................ 14

III.    CONCLUSION ................................................................................... 15

i

| | |
|---|---|
| 1 | **TABLE OF AUTHORITIES** |

**CASES**                                                                                    **PAGE(S)**

*909 Corp. v. Village of Bolingbrook Police Pension Fund,*
    741 F. Supp. 1290 (S.D. Tex. 1990) ...................................................................8

*Arpin v. Santa Clara Valley Transp. Agency,*
    261 F.3d 912 (9th Cir. 2001)............................................................................9

*Arthur Children's Trust v. Keim,*
    994 F.2d 1390 (9th Cir. 1993)........................................................................11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................3

*Batwin v. Occam Networks, Inc.,*
    CV 07-2750 CAS (SHX), 2008 WL 2676364 (C.D. Cal., July 1, 2008)...........10, 11

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)......................................................................................3, 4

*Bennett v. Schmidt,*
    153 F.3d 516 (7th Cir. 1998)............................................................................3

*Bourassa v. Desrochers,*
    938 F.2d 1056 (9th Cir. 1991)........................................................................5, 6

*Butler v. Los Angeles County,*
    617 F. Supp. 2d 994 (C.D. Cal. 2008) .............................................................9

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003)........................................................................14

*Fouad v. Isilon Systems, Inc.,*
    No. C07–1764 MJP, 2008 WL 5412397 (W.D.Wash. Dec.29, 2008)...................10

*Gilligan v. Jamco Development Corp.,*
    108 F.3d 246 (9th Cir. 1997 ............................................................................3

*Healy v. DJO, LLC,*
    11CV673-IEG JMA, 2012 WL 474482 (S.D. Cal., Feb. 14, 2012) .......................8

*Howard v. Everex Systems, Inc.,*
    228 F.3d 1057 1065 (9th Cir. 2000)................................................................10

*In re American Apparel, Inc. Shareholder Litigation,*
    CV 10-06352 MMM JCGX, 2013 WL 174119 (C.D. Cal., Jan. 16, 2013)..............9

*In re Countrywide Fin. Corp.,*
    588 F. Supp. 2d at 1201 ..................................................................................9

*In re Cylink Sec. Litig.,*
    178 F. Supp. 2d 1077 (N.D. Cal. 2001) .........................................................11

*In re Immune Response Sec. Litig.*,
   375 F. Supp. 2d 983 (S.D. Cal. 2005) ........................................................11

*In re Initial Pub. Offering Sec. Litig.*,
   241 F. Supp. 2d 281 (S.D.N.Y. 2003) ........................................................10

*In re LDK Solar Sec. Litig.*,
   584 F. Supp. 2d 1230 (N.D. Cal. 2008) ..................................................4, 10

*In re McKesson HBOC Secs. Litig.*,
   126 F. Supp. 2d 1248 (N.D. Cal. 2000) ......................................................11

*In re Metawave Communications Corp. Sec. Litig.*,
   298 F. Supp. 2d 1056 (W.D. Wash. 2003) ..................................................11

Kyung Cho v. UCBH Holdings, Inc.,
   890 F. Supp. 2d 1190, (N.D. Cal. 2012) ....................................................11

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ...............................................................8, 14

*Lilley v. Charren*,
   936 F. Supp. 708 (N.D. Cal. 1996) ..........................................................11

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000) ..................................................................14

*Nimtz v. Cepin*,
   2011 U.S. Dist. LEXIS 21104 (S.D. Cal. Mar. 3, 2011) ............................14

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*,
   446 F. Supp. 2d 163 (S.D.N.Y. 2006) ........................................................10

*Petrie v. Electronic Game Card Inc.*,
   SACV 10-00252 DOC, 2011 WL 165402 (C.D. Cal. Jan. 12, 2011) ..............11, 12

*Sec. Investor Prot. Corp. v. Vigman*,
   764 F.2d 1309 (9th Cir. 1985) .............................................................5, 7, 8

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985) .................................................................6, 7

*Siemers v. Wells Fargo & Co.*,
   No. C05–04518 WHA, 2006 WL 2355411 (N.D.Cal. Aug.14, 2006) ..................10

*Smith v. Pac. Props. & Dev. Corp.*,
   358 F.3d 1097 (9th Cir. 2004) ....................................................................3

*Stuart-James Co., Inc. v. Rossini*,
   736 F. Supp. 800 (N.D. Ill. 1990) ..............................................................5

*Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*,
   690 F. Supp. 2d 959, 966 (D. Ariz. 2010) ..................................................9

iii

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)..................................................................................4

*United States ex rel. Lee v. Corinthian Colleges*,
    655 F.3d 984 (9th Cir. 2011) ...............................................................14

*United States v. Redwood City*,
    640 F.2d 963 (9th Cir. 1981) .................................................................3

*Washington v. Baenziger*,
    673 F. Supp. 1478 (N.D. Cal. 1987) ......................................................4

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ...............................................................3

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)................................................................................5

**STATUTES**

15 U.S.C. § 78aa ..........................................................................................5

15 U.S.C. § 78j(b) ...................................................................................1, 12

15 U.S.C. § 78t(a) .......................................................................................10

17 C.F.R. Rule 240.10b-5 .......................................................................1, 2

Cal. Civ. Proc. Code § 410.10 ....................................................................4

Fed. R. Civ. P. 8 ..................................................................................passim

Fed. R. Civ. P. 12 ...............................................................................1, 3, 8

Fed. R. Civ. P. 15 .......................................................................................14

Securities Exchange Act of 1934................................................................passim

**OTHER**

79A C.J.S. Securities Regulation § 358.......................................................5

iv

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

## I.    INTRODUCTION

3          In this action, Lead Plaintiff Lawrence Vicari, (hereinafter "Lead Plaintiff")

4    brings suit on behalf of himself and all others similarly situated against Defendants

5    VFG, LLC and Voyager Financial Group, LLC (collectively, "VFG"), as well as

6    Andrew Gamber, Brandon Kogut, Brittney McClinton, Jonathan Sheets, and

7    Mackenzie Young (collectively, the "Individual Defendants"), pursuant to §§10(b)

8    and 20(a) of the Securities Exchange Act of 1934 (hereinafter the "Exchange Act"),

9    15 U.S.C. §§78j(b), and Rule 10b-5 promulgated thereunder. *See* Plaintiff's Second

10   Amended Complaint (hereinafter "SAC") at ¶1-3, Dkt. No. 44.

11          Lead Plaintiff filed a Complaint on January 31, 2013, and a First Amended

12   Complaint on March 27, 2013, which named an additional defendant. Defendants

13   filed Motions to Dismiss on April 18, 2013, and Lead Plaintiff filed a Second

14   Amended Complaint ("SAC") on May 8, 2013. Defendants' Motions to Dismiss the

15   First Amended Complaint were taken off calendar. On June 10, 2013, Defendant

16   VFG filed a Motion to Dismiss the Second Amended Class Action Complaint

17   Pursuant to Fed. R. Civ. P. 12(b)(6) ("VFG Motion to Dismiss") and the Individual

18   Defendants filed a Motion to Dismiss the Second Amended Class Action Complaint

19   Pursuant to Fed. R. Civ. P. 12(b)(2 and Alternatively Rule 12(b)(6) ("Individual

20   Defendants' Motion to Dismiss"). Some of the arguments made by Defendants in the

21   two Motions to Dismiss are duplicative of one another. Lead Plaintiff will not repeat

22   arguments twice, and hereby incorporates the arguments made in the Opposition to

23   Individual Defendants' Motion to Dismiss into the Opposition to VFG's Motion to

24   Dismiss, and vice versa. Specifically, Defendants' arguments as to personal

25   jurisdiction over the Individual Defendants and control liability of the Individual

26   Defendants are addressed in the Opposition to Individual Defendants' Motion to

27   Dismiss, herein. Defendants' arguments as to the misrepresentations made, Lead

28   Plaintiffs' reasonable reliance on the misrepresentations, and economic loss or

1  causation are addressed in the Opposition to VFG's Motion to Dismiss, filed

2  concurrently herewith.

3       In the SAC, Lead Plaintiff asserts claims on behalf of himself and all similarly

4  situated persons and entities ("Class Members") who were induced by Defendants to

5  purchase non-assignable government-funded pension and benefit payments during the

6  Class Period ("Securities").  *See* SAC at ¶16, Dkt. No. 44.  Lead Plaintiff's SAC

7  asserts claims for (1) violation of §10(b) of the Exchange Act and Rule 10b-5 against

8  VFG Defendants for the employment of devices, schemes, and artifices to defraud

9  Class Members into purchasing Securities in the form of structured payments,

10  awards, pensions and disability benefits and incomes; and (2) Violation of §20(a) of

11  the Exchange Act against Individual Defendants for acting as "control persons."  The

12  sale of such Securities was unlawful pursuant to the Exchange Act and resulted in

13  damage and losses accruing to Class Members.  *See* SAC at ¶3, Dkt. No. 44.

14       In their Motion to Dismiss, Individual Defendants contend that (1) this Court

15  lacks personal jurisdiction over Individual Defendants since Lead Plaintiff failed to

16  demonstrate Defendants' minimum contacts with the forum state of California, and

17  (2) the SAC failed to sufficiently plead the involvement of Individual Defendants as

18  §20(a) control persons.  However, for the reasons more fully explained below, this

19  Court does have personal jurisdiction over the Individual Defendants, and Lead

20  Plaintiffs' SAC does in fact allege sufficient facts to support their claims of control

21  liability and the Individual Defendants' Motion to Dismiss should accordingly be

22  denied.

23  **II.    ARGUMENT**

24       **A.    Standard of Review**

25       To satisfy the burden of pleading, Federal Rules of Civil Procedure (hereinafter

26  "Fed. R. Civ. P."), Rule 8 "requires only a 'short and plain statement of the claim

27  showing that the pleader is entitled to relief' in order to 'give the defendant fair notice

28  / / /

LEAD PLAINTIFF'S OPP. TO INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

1   of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
2   *Twombly*, 550 U.S. 544, 555 (2007).

3       A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is viewed
4   with disfavor and is granted only in extraordinary circumstances. *United States v.*
5   *Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *see also Gilligan v. Jamco*
6   *Development Corp.,* 108 F.3d 246, 249 (9th Cir. 1997).  Claims of a lack of factual
7   basis, if adequate notice is given, should be addressed by a motion for summary
8   judgment. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

9       For the purposes of a Fed. R. Civ. P. Rule 12(b)(6) motion, any claimed defect
10  must appear on the face of the complaint.  In ruling on such a motion, the Court must
11  assume all factual allegations of the complaint and all reasonable inferences from
12  those facts as true.  *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1099 (9th Cir.
13  2004).  A motion to dismiss must be denied if a plaintiff's claim has facial
14  plausibility.  *Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1140 (9th Cir. 2012)  "A
15  claim has facial plausibility when the plaintiff pleads factual content that allows the
16  court to draw the reasonable inference that the defendant is liable for the misconduct
17  alleged." *Id.*  "The issue is not whether a plaintiff will ultimately prevail but whether
18  the claimant is entitled to offer evidence to support the claims."  *Gilligan,* 108 F.3d at
19  249; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  And the Supreme Court in
20  *Twombly*, which is an anti-trust case, emphasized that a Court's disbelief of the facts
21  is not a proper grounds for granting a motion to dismiss and the standard does not
22  impose a probability requirement:

23      "Rule 12(b)(6) does not countenance... dismissals based on a
24      judge's disbelief of a complaint's factual allegations"; *Scheuer v.*
        *Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)
25      (a well-pleaded complaint may proceed even if it appears "that a
        recovery is very remote and unlikely").  In applying these general
26      standards to a § 1 claim, we hold that stating such a claim requires
        a complaint with enough factual matter (taken as true) to suggest
27      that an agreement was made. Asking for plausible grounds to infer
        an agreement does not impose a probability requirement at the
28      pleading stage; it simply calls for enough fact to raise a reasonable

1   expectation that discovery will reveal evidence of illegal agreement.

2   *Twombly,* 550 U.S. at 934.

3   Further, the Rule 9(b) requirement of particularity in the pleading of fraud

4   claims "is intended to give a defendant notice of the specific alleged misconduct to

5   enable him to prepare a defense, and to bar fraud suits as a pretext for discovery.  A

6   plaintiff is not required to plead detailed evidentiary matters." *Washington v.*

7   *Baenziger*, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987) (citations omitted).  The Private

8   Securities Litigation Reform Act ("PSLRA") requires that plaintiffs plead the alleged

9   misstatements made, the reasons the statements were misleading, and facts giving rise

10   to an inference that the defendant acted with the required state of mind.  *See Tellabs,*

11   *Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007).  The PSLRA,

12   however, "in no way turns FRCP 12 into a trial-type, papers-only proceeding, much

13   less one in which defendants get the benefit of every conceivable doubt, including

14   credibility calls. That is reserved for the jury." *In re LDK Solar Sec. Litig.*, 584 F.

15   Supp. 2d 1230, 1260 (N.D. Cal. 2008).

16   **B.   This Court Has Personal Jurisdiction over the Individual**
     **Defendants Because They Have Minimum Contacts with the United**
17   **States**

18   The Individual Defendants assert that this Court lacks personal jurisdiction

19   over them because they do not have minimum contacts with the forum state of

20   California.  Defendants' Motion to Dismiss the SAC bases its arguments on non-

21   securities law cases and cites California Civil Procedure Code § 410.10.   *See*

22   Individual Defendants' Motion to Dismiss at 8-9, Dtk. No. 50.  Individual Defendants

23   assert that the Court must determine whether exercising jurisdiction over the non-

24   resident defendant is consistent with the Due Process Clause of the Fourteenth

25   Amendment and therefore requires minimum or sufficient contact with the forum

26   state "such that he or she should reasonably anticipate being haled into court there."

27   / / /

28   / / /

4

1  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 287 (1980).  *See*

2  Individual Defendants' Motion to Dismiss at 9, Dtk. No. 50.

3  However, Lead Plaintiff asserted claims under the federal statute of the

4  Exchange Act.  The Exchange Act has particular and specific jurisdictional

5  provisions and Lead Plaintiff need only establish that Individual Defendants had

6  minimum contacts with the United States, not with the particular forum state of

7  California.

8  The district courts of the United States and the United States
   courts of any Territory or other place subject to the jurisdiction of
9  the United States shall have exclusive jurisdiction of violations of
   this chapter or the rules and regulations thereunder, and of all suits
10  in equity and actions at law brought to enforce any liability or
   duty created by this chapter or the rules and regulations
11  thereunder…

12  § 27 of the Securities Exchange Act of 1934.

13  Under the provisions of the Exchange Act, process may be served in any other

14  district of which the Defendant is an inhabitant or wherever the Defendant may be

15  found.  *See* 15 U.S.C.A. § 78aa; *see also* 79A C.J.S. Securities Regulation § 358.

16  These provisions extend personal jurisdiction to the full reach allowed under the Due

17  Process Clause of the Fifth Amendment.  *Stuart-James Co., Inc. v. Rossini*, 736 F.

18  Supp. 800, 803 (N.D. Ill. 1990) ("the only limits on the reach of § 78aa are provided

19  by the principles of procedural due process, and in particular minimum contacts, as

20  found in the Fifth Amendment of the United States Constitution.")  Therefore, where

21  the federal statute of the Exchange Act confers nationwide service of process, "the

22  question becomes whether the party has sufficient contacts with the United States, not

23  any particular state….  We hold, therefore, that so long as a defendant has minimum

24  contacts with the United States, Section 27 of the Act confers personal jurisdiction

25  over the defendant in any federal district court."  *Sec. Investor Prot. Corp. v. Vigman*,

26  764 F.2d 1309, 1315-16 (9th Cir. 1985).  In *Bourassa v. Desrochers*, 938 F.2d 1056,

27  1058 (9th Cir. 1991), the defendant was a foreign citizen with no contacts to

28  California.  Plaintiff brought suit in California, and the defendant was served in

1    Florida.  The Ninth Circuit held that the defendants' voluntary presence in Florida,

2    even though unrelated to his activities which caused the suit, was sufficient to

3    establish jurisdiction in the Central District of California.

> "So long as a defendant has minimum contacts with the United
> States, Section 27 of the Act confers personal jurisdiction over the
> defendant in any federal district court." *Vigman,* 764 F.2d at
> 1316.  Desrochers was served in Florida under the nationwide
> service provision of Section 27.  His voluntary presence in the
> United States created jurisdiction over his person in any federal
> district court in which the claim for federal securities violations
> could have been brought.  Accordingly, the district court should
> not have dismissed this action for lack of personal jurisdiction.

9    *Bourassa*, 938 F.2d at 1058.

10   Similarly, in *Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985), the Ninth Circuit

11   held that, despite the fact that the defendants did not have minimum contacts with

12   Arizona, personal jurisdiction was proper in the District of Arizona because the

13   defendants resided in the United States.

> In *Vigman,* this circuit held that the appropriate standard to apply
> in determining whether the district court has personal jurisdiction
> over a defendant in an action brought under the Securities and
> Exchange Act of 1934 "is whether that defendant had sufficient
> contacts with the United States and not whether the defendant had
> sufficient contacts with the forum district." 764 F.2d at 1318. The
> district court, therefore, clearly had personal jurisdiction over the
> defendants here, who all reside in the United States

19   *Semegen*, 780 F.2d at 730.

20        Here, Lead Plaintiff plead the following violations of Securities Law in the

21   SAC against the Individual Defendants:

22   • Violation of Rule 10b-5(a) and (c) by carrying out a plan, scheme,
     and course of conduct which was intended to deceive Lead Plaintiff
23   and Class Members into investing in unlawful Securities.  *See* SAC at
     ¶¶ 69-8, Dkt. No. 44.
24

25   • Violation of Rule 10b-5(b) by making material misstatements and
     omissions of fact which were intended to deceive Lead Plaintiff and
26   Class Members into purchasing unlawful Securities.  *See* SAC at ¶¶
     82-90, Dkt. No. 44.

27   • Violation of Section 20(a) of the Exchange Act by acting as
     controlling persons of VFG whom, by virtue of their high-level
28   positions, contractual rights, participation in and/or awareness of

VFG's operations, and/or intimate knowledge of the statements made by VFG, had the power to influence and control the decision making of VFG. *See* SAC at ¶¶ 91-104, Dkt. No. 44.

Lead Plaintiff has alleged a violation of federal securities law under the Exchange Act, and personal jurisdiction is established in the federal court of the Central District over the Individual Defendants, if Defendants have minimum contacts with the United States. *See Vigman,* 764 F.2d 1309. The SAC alleges that each of the Individual Defendants resides and works within the United States. *See* SAC at ¶¶ 8-12, 93-98, Dkt. No. 44. This is sufficient to establish personal jurisdiction over the Individual Defendants.

In addition to the allegations in the SAC, Individual Defendants' declarations submitted in support of their Motion to Dismiss admit their contacts within the United States. Each Individual Defendant expressly states in his or her declaration that he or she is a resident and citizen of one of the United States. *See* Exhibit A to Individual Defendants' Motion to Dismiss, Declaration of Andrew Gamber Pursuant to 28 U.S.C. 1746 at ¶ 1 ("I am an adult resident citizen of the State of Arkansas"), Dtk. No. 49; *see also* Exhibit B to Individual Defendants' Motion to Dismiss, Declaration of Brandon Kogut Pursuant to 28 U.S.C. 1746 at ¶ 1 ("I am an adult resident citizen of the State of Arkansas"), Dtk. No. 49; *see also* Exhibit C to Individual Defendants' Motion to Dismiss, Declaration of Brittney McClinton Pursuant to 28 U.S.C. 1746 at ¶ 1 ("I am an adult resident citizen of the State of Texas"), Dtk. No. 49; *see also* Exhibit D to Individual Defendants' Motion to Dismiss, Declaration of Jonathan Sheets Pursuant to 28 U.S.C. 1746 at ¶ 1 ("I am an adult resident citizen of the State of Arkansas"), Dtk. No. 49; *see also* Exhibit E to Individual Defendants' Motion to Dismiss, Declaration of Mackenzie Young Pursuant to 28 U.S.C. 1746 at ¶ 1 ("I am an adult resident citizen of the State of Arkansas"), Dtk. No. 49.

To exercise jurisdiction under the Exchange Act, it is sufficient that the defendant resides in the United States. *Semegen,* 780 F.2d at 730 ("The district court,

1  therefore, clearly had personal jurisdiction over the defendants here, who all reside in

2  the United States"); *see also 909 Corp. v. Village of Bolingbrook Police Pension*

3  *Fund,* 741 F. Supp. 1290, 1292 (S.D. Tex. 1990) ("jurisdiction is based upon the

4  contacts between the defendant and the United States because it is the United States,

5  and not the particular state that is exercising jurisdiction.").

6      The Court in the present case is entitled to and should assert personal

7  jurisdiction over the Individual Defendants pursuant to §27 of the Exchange Act.  "So

8  long as a defendant has minimum contacts with the United States, section 27 of the

9  Exchange Act confers personal jurisdiction over the defendant in any federal district

10  court." *Vigman.*, 764 F.2d at 1316.  All Individual Defendants have minimum

11  contacts which satisfy due process under the Exchange Act and this Court has

12  personal jurisdiction over Andrew Gamber, Brandon Kogut, Brittney McClinton,

13  Jonathan Sheets, and Maczenzie Young.

14      **C.   The Second Amended Complaint Adequately Alleges Claims**
15          **Against The Individual Defendants**

16          **1.   Standard Of Review Under Rule 12(b)(6)**

17      In the alternative, the Individual Defendants assert that Lead Plaintiff has failed

18  to sufficiently plead the involvement of the Individual Defendants in the alleged

19  unlawful practices and the SAC should be dismissed pursuant to Fed. R. Civ. P. Rule

20  12(b)(6).

21      In support of their motion the Individual Defendants have submitted

22  declarations from each of the Individual Defendants (Exhibits A through E to the

23  Motion).  However, these declarations are not admissible for purposes of ruling on a

24  motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6).  "In considering a motion

25  to dismiss, the Court's review is limited to the allegations in the complaint, and *the*

26  *Court may not consider a declaration submitted by the other party*."  *Healy v. DJO,*

27  *LLC,* 11CV673-IEG JMA, 2012 WL 474482 (S.D. Cal., Feb. 14, 2012); *see also Lee*

28  *v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  In fact, the court may not

1    consider *any* material outside the complaint (e.g., facts presented in the briefs,

2    affidavits, declarations, or discovery materials) for purpose of a motion for failure to

3    state a claim.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925

4    (9th Cir. 2001); *Butler v. Los Angeles County,* 617 F. Supp. 2d 994, 999 (C.D. Cal.

5    2008).  Thus, the declarations submitted by the Individual Defendants in support of

6    their Motion to Dismiss cannot be considered in determining whether Lead Plaintiff

7    has sufficiently alleged a claim against them under Rule 12(b)(6).

8                    **2.    Pleading Standard For Section 20(a) Claims**

9            The Individual Defendants claim that the SAC does not sufficiently plead that

10   the Individual Defendants are control persons.  *See* Individual Defendants' Motion to

11   Dismiss at 9-11, Dtk. No. 50.  However, Lead Plaintiff has adequately alleged a

12   section 20(a) claim against the Individual Defendants under the liberal pleading

13   standards of Rule 8(a)(2).

14          The most recent cases within this Circuit hold that the lenient notice pleading

15   requirements of Rule 8(a)(2) apply to Exchange Act control person cases.[1]  For

16   example, in *In re American Apparel, Inc. Shareholder Litigation*, CV 10-06352

17   MMM JCGX, 2013 WL 174119 (C.D. Cal., Jan. 16, 2013), the Honorable Margaret

18   M. Morrow of this District held that "[a]lthough allegations of fraud and scienter

19   must comply with heightened pleading requirements, district courts in the Ninth

20   Circuit have concluded that because fraud is not a necessary element of a control

21   person claim, the allegation of such a claim is subject only to the pleading standards

22   of Rule 8(a)."  *Id.,* at *34, fn. 204.

23          Numerous other courts within this Circuit have held the same.  *See, e.g., In re*

24   *Countrywide Fin. Corp.,* 588 F. Supp. 2d at 1201 (stating that "although the

25   _____

26   [1] There is no Ninth Circuit case holding that Rule 9(b) would be applied to a
     Exchange Act case.  However the majority of district courts in the Ninth Circuit have
     ruled that Rule 8 rather than Rule 9 should apply to Exchange Act cases.  *See, e.g.,*
     *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 690 F. Supp.
27   2d 959, 966 (D. Ariz. 2010) ( observing that the weight of district court authority
     within this Circuit has held that control person liability claims are subject to Rule 8,
28   not Rule 9(b)).

1  circumstances of the primary violators' fraud must be pled with particularity under

2  Rule 9(b) [and the PSLRA], the control element is not a circumstance that constitutes

3  fraud and therefore need not be pled with particularity.'" quoting *In re LDK Solar*

4  *Sec. Litig.,* No. C07–05182 WHA, 2008 4369987, *12 (N.D.Cal. Sept. 24, 2008));

5  *Fouad v. Isilon Systems, Inc.,* No. C07–1764 MJP, 2008 WL 5412397, *12

6  (W.D.Wash. Dec.29, 2008) (applying "Rule 8['s] notice pleading standard" to

7  plaintiffs' control person claims); *Siemers v. Wells Fargo & Co.,* No. C05–04518

8  WHA, 2006 WL 2355411, *14 (N.D.Cal. Aug.14, 2006) ("The control exerted by

9  [defendant] is not a circumstance that constitutes fraud.  Plaintiff is only required to

10  assert fraud with particularity as to primary violations.  At the control-person level,

11  liability exists irrespective of the control person's scienter").

12      Because Rule 8 applies, all that is required is a "short and plain statement of

13  the claim showing that the pleader is entitled to relief."  *Batwin v. Occam Networks,*

14  *Inc.,* CV 07-2750 CAS (SHX), 2008 WL 2676364 (C.D. Cal., July 1, 2008), quoting

15  *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC,* 446

16  F. Supp. 2d 163, 190 (S.D.N.Y. 2006) (claim under § 20(a) must be pleaded in

17  accordance with Rule 8(a)); *In re Initial Pub. Offering Sec. Litig.,* 241 F. Supp. 2d

18  281, 352 (S.D.N.Y. 2003) ("Section 15 claims need only be pleaded under Rule 8; a

19  defendant is only entitled to notice that she allegedly controlled an entity that violated

20  Section 11.")

21      **3.    Lead Plaintiff Has Adequately Plead Control Person Status And**
22      **Liability**

23      For purposes of asserting a claim for control person liability under Section

24  20(a) of the Exchange Act, 15 U.S.C. § 78t(a), "[p]laintiff need not show that the

25  defendant was a culpable participant in the violation…."  *Howard v. Everex Systems,*

26  *Inc.,* 228 F.3d 1057 1065 (9th Cir. 2000).  Thus, "to establish the liability of a

27  controlling person, the plaintiff does not have the burden of establishing that person's

28  scienter distinct from the controlled corporation's scienter."  *Arthur Children's Trust*

10

1   *v. Keim,* 994 F.2d 1390, 1398 (9th Cir. 1993); *see also Batwin v. Occam Networks,*
2   *Inc., supra*, at *24.

3       To allege control person liability, plaintiffs "must plead... that defendants
4   exercised 'a significant degree of day-to-day operational control, amounting to the
5   power to dictate another party's conduct or operations." *In re McKesson HBOC Secs.*
6   *Litig.,* 126 F. Supp. 2d 1248, 1277 (N.D. Cal. 2000); *see also Lilley v. Charren,* 936
7   F. Supp. 708, 716 (N.D. Cal. 1996) ("[P]laintiffs must allege facts showing that each
8   defendant possessed the actual power to control the person primarily liable").

9       "Although a person's being an officer or director does not create any
10  *presumption* of control, it is a sort of red light." *Arthur Children's Trust v. Keim,*
11  *supra,* 994 F.2d at 1163 (emphasis in original) (citation omitted).  Courts have found
12  "general allegations concerning an individual's title and responsibilities" to be
13  sufficient to establish control at the motion to dismiss stage.  *See In re Metawave*
14  *Communications Corp. Sec. Litig.,* 298 F. Supp. 2d 1056, 1087 (W.D. Wash. 2003);
15  *see also In re Immune Response Sec. Litig.,* 375 F. Supp. 2d 983, 1031–32 (S.D. Cal.
16  2005) (finding allegations that defendants held positions as CEO and Chairman of the
17  Board and described their roles were sufficient to show they were involved in the
18  company's day-to-day business); *In re Cylink Sec. Litig.,* 178 F. Supp. 2d 1077, 1079
19  (N.D. Cal. 2001) (finding sufficient for control person liability allegations that the
20  individual defendants, "by virtue of their executive and managerial positions had the
21  power to control and influence [Cylink], which they exercised"); *Kyung Cho v.*
22  *UCBH Holdings, Inc.,* 890 F. Supp. 2d 1190, 11 (N.D. Cal. 2012) (finding that
23  allegations setting forth the individual's title, responsibilities, and day-to-day control
24  over the financial operations and/or ultimate responsibility for the practices which led
25  to the alleged fraud were sufficient).

26      In addition, in *Petrie v. Electronic Game Card Inc.,* SACV 10-00252 DOC,
27  2011 WL 165402 (C.D. Cal. Jan. 12, 2011), the court found that under the relatively
28  lenient standards of Rule 8(a), plaintiffs' complaint successfully alleged each

1  defendant's status as a control person. According to the complaint, each defendant

2  served as either an officer or director to ECG. The court found that this allegation

3  carries considerable weight at the pleading stage. In conjunction with the allegations

4  that ECG was a small company with no more than ten employees, and that each

5  Defendant participated in the company's day-to-day operations, the court found

6  plaintiffs' control person allegations sufficiently plausible to survive a motion to

7  dismiss. *Petrie v. Electronic Game Card Inc.,* SACV 10-00252 DOC, 2011 WL

8  165402 (C.D. Cal., Jan. 12, 2011)

9        Here, the allegations of the SAC meet the lenient standards of Rule 8(a) and

10  the case law cited above. Lead Plaintiff clearly alleges that each of the individual

11  defendants was a control person in that each was an officer, director, and/or owner of

12  VFG, LLC, and that each participated in the sale of securities to Class Members. *See*

13  SAC at ¶¶1, 3, 6, 8, 9, 10, 11, 12, 19, 21-28, 30, 54, 55, 56, 93-97, 99-103, Dkt. No.

14  44. For example, the SAC specifically alleges:

15
16
17        Lead Plaintiff Lawrence Vicari brings this action pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) on behalf of himself and all others similarly situated ("Class Members") against Voyager Financial Group LLC and/or VFG, LLC (collectively, "VFG"), and its officers and owners Brandon Kogut, Andrew Gamber, Brittney McClinton, Jonathan Sheets, and Mackenzie Young (collectively, "VFG Control and Officer Defendants" and, together with VFG, "VFG Defendants") for violation of the Federal Securities Laws in connection with the sale of securities in the form of structured payments, awards, and/or disability incomes owned by members of the United States military.

18
19
20
21
22

23  SAC at ¶ 1, Dkt. No. 44.

24        VFG Control and Officer Defendants acted as controlling persons of VFG. By virtue of their high-level positions, and contractual rights, participation in and/or awareness of VFG's operations and/or intimate knowledge of the statements made by VFG, directly and through its agents and disseminated to the investing public, Control and Officer Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of VFG, including the

25
26
27
28

12

1
2

> content and dissemination of the various statements that Lead Plaintiff and the Class Members contend are false and misleading.

3

SAC at ¶ 54, Dkt. No. 44.

4
5
6
7
8
9
10

> During the Class Period, Control and Officer Defendants, as controlling members of VFG, were privy to confidential and proprietary information concerning VFG, its operations, finances, financial condition and present and future business prospects. Because of their possession of such information, Control and Officer Defendants knew or recklessly disregarded that the adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public and/or that misrepresentations were being made in connection with the sale of the Securities, including that the transactions were unlawful.

11

SAC at ¶ 56, Dkt. No. 44.

12
13
14
15
16

> Upon information and belief, Defendant Andrew Gamber is the managing member of VFG, from February 2012 to present.  He currently owns 100% of VFG, and has maintained an ownership interest of at least 32% at all times. Upon information and belief, he resides in the United States. By virtue of his position as a managing member of VFG, he had the power to control and influence VFG, and he exercised a significant degree of day-to-day operational control over VFG, including but not limited to VFG's financial operations.

17

SAC at ¶ 93, Dkt. No. 44.[2]

18
19
20
21
22
23
24

> As alleged in more detail *supra,* VFG Control and Officer Defendants carried out a plan, scheme, and course of conduct which deceived Lead Plaintiff and Class Members into purchasing the Securities, which were unlawful and worthless, and made material representations and omissions of material fact which mislead Lead Plaintiff and Class Members into believing that the Securities were risk free, safe investments that would help Veterans. The facts alleged herein establish VFG Control and Officer Defendants' primary violation of Section 10(b) of the Exchange Act and Rule l0b-5 promulgated thereunder.

25

SAC at ¶ 99, Dkt. No. 44.

26

Based on the foregoing, Lead Plaintiff has adequately alleged control person liability.

27
28

---

[2] The specific interest and control in VFG of each of the other Individual Defendants is specifically set forth in paragraphs 94 through 97 of the SAC.

1  Individual Defendants arguments that Lead Plaintiff does not plead the

2  underlying liability for fraud sufficiently is addressed in Lead Plaintiff's Opposition

3  to VFG's Motion to Dismiss, which is specifically incorporated by reference.

4  **D.    In the Alternative, Lead Plaintiff Should be Granted Leave to**
   **      Amend**

5

6  If the Court does grant Individual Defendants' Motion to Dismiss, it should

7  also grant Lead Plaintiff leave to amend the SAC.  "The standard for granting leave to

8  amend is generous."  *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984,

9  995 (9th Cir. 2011).  Rule 15 advises the court that leave to amend shall be freely

10 given when justice so requires.  Fed. R. Civ. P. 15(a).  "This policy is to be applied

11 with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

12 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).  Indeed, "in the

13 absence of any apparent or declared reason — such as undue delay, bad faith or

14 dilatory motive on the part of the movant, repeated failure to cure deficiencies by

15 amendments previously allowed, undue prejudice to the opposing party by virtue of

16 allowance of the amendment, futility of amendment, etc., leave sought should, as the

17 rules require, be 'freely given.'"  *Nimtz v. Cepin*, 2011 U.S. Dist. LEXIS 21104 (S.D.

18 Cal. Mar. 3, 2011).  Under the futility analysis, dismissal without leave to amend is

19 improper unless it is clear, upon de novo review, that the complaint could not be

20 saved by any amendment.  *United States ex rel. Lee*, 655 F.3d at 995.  Thus, dismissal

21 with prejudice and without leave to amend is not appropriate unless it is clear that the

22 complaint could not be saved by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1129

23 (9th Cir. 2000).  Here, in the event that the Court grants Individual Defendants'

24 motion, Lead Plaintiff should be granted leave to amend.

25 / / /

26 / / /

27 / / /

28 / / /

## III.   CONCLUSION

For the foregoing reasons, Lead Plaintiff respectively requests that this Court deny Individual Defendants' Motion to Dismiss the Second Amended Class Action Complaint.

Dated: August 19, 2013                    HOWARTH & SMITH

                                    By:   /s/ Suzelle M. Smith
                                          SUZELLE M. SMITH
                                          DON HOWARTH
                                          JESSICA RANKIN

                                          Attorneys for Lead Plaintiff
                                          Lawrence VICARI and CLASS